1

2          **IN THE UNITED STATES DISTRICT COURT FOR THE**

3                  **EASTERN DISTRICT OF CALIFORNIA**

4

5    **RAUL AMEZCUA,**                    )    **No. 1:12-cv-844  AWI**
                                          )
6              **Petitioner**,            )    **(No. 1:93-cr-5046  AWI)**
                                          )
7          **v.**                         )    **ORDER ON PETITIONER'S 28**
                                          )    **U.S.C. § 2255 PETITIONS AND**
8    **UNITED STATES OF AMERICA,**        )    **ORDER ON REQUEST FOR**
                                          )    **APPOINTMENT OF COUNSEL**
9              **Respondent**.            )
     _____     )    (Crim. Doc. Nos. 434, 461, 462)
10

11

12          Currently before the Court is Petitioner's petition under 28 U.S.C. § 2255.  See Doc. No.

13   461.  However, Petitioner admits that he has previously filed a § 2255 petition that was denied

14   and that a certificate for appealability was also denied.  On September 21, 1998, Judge Crocker

15   denied a § 2255 petition by petitioner.  See Doc. No. 380.  Judge Crocker also denied a Rule 60

16   motion (which was determined to be a successive § 2255 petition), a motion to reconsider, and a

17   motion for a certificate of appealability, again all in 1998.  See Doc. Nos. 391, 392, 396.[1]

18   Further, the Ninth Circuit in 2005 denied Petitioner's request to file a successive § 2255 petition.

19   See Ninth Circuit Docket No. 05-71309.

20          "A petitioner is generally limited to one motion under § 2255, and may not bring a

21   'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)."

22   United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  That section reads:

23          A second or successive motion must be certified as provided in section 2244 [28
            USC § 2244] by a panel of the appropriate court of appeals to contain--
24          (1) newly discovered evidence that, if proven and viewed in light of the evidence
            as a whole, would be sufficient to establish by clear and convincing evidence that
25          no reasonable factfinder would have found the movant guilty of the offense; or

26

27          [1]The criminal docket in this matter indicates that Petitioner Amezcua filed a § 2255 petition on December
     2, 2004, which is Doc. No. 434.  In actuality, that petition was filed by co-defendant Lucio Betancourt, not Petitioner
28   Amezcua.  See id.  Further, the criminal docket shows that Doc. No. 434 is still pending.  However, that petition was
     denied by Judge Coyle as shown by the civil case docket.  See Doc. No. 2 in Civil Case 1:04-CV-6635 REC.
     Because Crim. Doc. No. 434 has actually been resolved, the Court will order the Clerk to change the status of Crim.
     Doc. No. 434 to that of a denied petition.

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  If § 2255(h) applies, but a petitioner has not received permission from the court of appeals to file a successive § 2255 petition, then the district court is without jurisdiction. See Washington, 653 F.3d at 1059.

As discussed above, Petitioner has filed several § 2255 petitions.  However, there is no indication that Petitioner has received permission from the Ninth Circuit to file this successive § 2255 petition.  Permission from the Ninth Circuit is required before a district court may entertain this petition.  See 28 U.S.C. § 2255(h); Washington, 653 F.3d at 1059.  Because Petitioner has failed to obtain permission from the Ninth Circuit to file further § 2255 petitions as required by § 2255(h), this Court is without jurisdiction and will dismiss this matter.  See Washington, 653 F.3d at 1065.


## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's § 2255 petition (Crim. Doc. No. 461) is DENIED  due to Petitioner's failure to comply with 28 US.C. § 2255(h);

2. Petitioner's request for appointment of counsel (Crim. Doc. No. 462) is DENIED as moot;

3. Because the December 2004 petition (Crim. Doc. No. 434) was denied as shown by Doc. No. 2 in Civil Case No. 1:04-CV-6635 REC, the Clerk shall administratively change the status of Doc. No. 434 to that of a ruled upon motion, and shall also correct the docket to reflect that Doc. No. 434 was filed by LUCIO BETANCOURT, and not by Petitioner Raul Amezcua; and

4. The Clerk shall CLOSE the criminal case (1:93-cr-5046) and civil case (1:12-cv-844) associated with this Petitioner's § 2255 petition.

IT IS SO ORDERED.

Dated:   August 24, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE