**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAUL AMEZCUA,<br><br>    **Petitioner,**<br><br>    **v.**<br><br>UNITED STATES OF AMERICA,<br><br>    **Respondent.** | **CASE NO. 1:14-CV-950 AWI**<br>**CASE NO. 1:93-CR-5046 AWI**<br><br>**ORDER RE PETITIONER'S 18 U.S.C. § 3742(e) MOTION AND 28 U.S.C. § 2255 PETITION**<br><br>**(CR Docs. 465, 466)** |

  Before the Court are Petitioner's "Motion for Review of Sentence" brought under 18 U.S.C. § 3742(e) and petition brought under 28 U.S.C. § 2255. Docs. 465, 466. Petitioner filed § 2255 petitions in 1998 and 2012, which were denied. Doc. 464, 1:13-14, 2:14-15. In 2005 the Ninth Circuit denied Petitioner's request to file a successive § 2255 petition. See Ninth Circuit Docket No. 05-71309.

  I.  18 U.S.C § 3742

  The jurisdiction provision of 18 U.S.C § 3742 allows a criminal defendant to file a notice of appeal in the district court. 18 U.S.C § 3742(a). Petitioner has filed a motion in this Court, and the jurisdiction provision is inapplicable. United States v. Gant, 2010 U.S. Dist. LEXIS 122106, *4 (N.D. Cal. Nov. 1, 2010). In addition, the time for appeal in this matter has long passed. See Fed. R. App. P. 4(b)(1)(A). The Court does not have jurisdiction over this claim.

  The 18 U.S.C § 3742 pleading raises similar arguments as the § 2255 petition and seeks the same relief – a reduction in sentence. It may be construed as a § 2255 petition; but, for reasons

discussed below, a successive § 2255 petition will also be dismissed for lack of jurisdiction.

II.     28 U.S.C. § 2255

The Court does not have jurisdiction to hear Petitioner's § 2255 motion. "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). 28 U.S.C. § 2255(h) allows a successive motion if it is:

> certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). If a petitioner files a successive § 2255 petition without receiving permission from the court of appeals, the district court must dismiss for lack of jurisdiction. Washington, 653 F.3d at 1065. This was indicated in the Court's previous order on the 2012 petition. Doc. 464, 1:19-2:4.

Petitioner has not received permission from the Ninth Circuit to file this successive § 2255 petition. Hence, according to Washington, this Court is without jurisdiction and will dismiss the petition.

III.    ORDER

Accordingly, Petitioner's 18 U.S.C. § 3742(e) motion is DISMISSED for lack of jurisdiction;

Petitioner's 28 U.S.C. § 2255 petition is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   July 10, 2014                    _____
                                          SENIOR DISTRICT JUDGE