IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>              v.<br><br>RAUL AMEZCUA,<br><br>                              Defendant. | CASE NO.  1:93-CR-05046-AWI<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. §  3582(c)(2) |

The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. §  1B1.10.  The Court hereby denies the motion.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B):  "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States*, 130 S.Ct. 2691 (2010);

In this case, the final Presentence Report recommended a base offense level of 40 pursuant to USSG §  2D1.1, as the amount of methamphetamine involved in the case was between 10 to 30 kilograms of actual methamphetamine.  The adjusted offense level of 46 reflected a two-level firearms enhancement and four-level leadership enhancement.  Under the amended guideline, the base offense level for this amount of actual methamphetamine is 38, and the adjusted offense level if 44.  At the established criminal history category of III, the defendant's sentencing range is still life in prison.  Because the pertinent amendment does not result in a different sentencing range, the defendant is not eligible for a sentencing reduction pursuant to Title 18, United States Code, Section 3582(c).  *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009).

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   January 22, 2015                        _____
                                                                     SENIOR  DISTRICT  JUDGE

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE    2