**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 1:93-cr-5046-AWI-1 |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS COUNSEL AS MOOT** |
| v. | (Doc. 474) |
| **RAUL AMEZCUA**, | |
| Defendant. | **ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION** |
| | (Docs. 475-476) |

On July 2, 2015, this Court denied Defendant Raul Amezcua's motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines. The Court explained that its authority to reduce a sentence after sentencing is constrained by the Sentencing Commission. Doc. 472 (citing *Dillon v. United States*, 560 U.S. 817 (2010)). It further explained that because the case involved between 10 and 30 kilograms of *actual* methamphetamine, Amendment 782 to the Sentencing Guidelines does not alter the applicable guideline range and the Court cannot reduce Mr. Amezcua's sentence. Doc. 472; *see* U.S.S.G. § 2D1.1(c)(1) (providing that a sentencing court is to apply a base offense level of 38 to offenses involving 4.5 kilograms or more of actual methamphetamine).

The Defendant first asks this court to remove the Federal Defender as counsel of record. The referral to the Federal Defender's Office required it to file a notice of appearance if it agreed to represent the Defendant. Doc 470. The Federal Defender's Office never filed such a notice. As

1

1  a result, the Federal Defender never accepted appointment to represent the Defendant. The
2  Federal Defender is not counsel of record for the Defendant. The Defendant's motion is therefore
3  DENIED as moot.
4      The Defendant next asks the Court to reconsider its prior determination.
5      The Ninth Circuit allows parties to file motions for reconsideration in criminal cases,
6  although the Federal Rules of Civil Procedure do not explicitly provide for such motions. *United*
7  *States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). Courts review such motions for
8  reconsideration under the standard articulated in Rule 59(e) and Rule 60(b) of the Federal Rules
9  of Civil Procedure. *Id.* At 1047-1048 n.7 & n.8. Under Rule 59(e), "reconsideration is
10 appropriate if the district court (1) is presented with newly discovered evidence, (2) committed
11 clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in
12 controlling law." Fed. R. Civ. P. 59 (e). There may also be other, highly unusual, circumstances
13 warranting reconsideration. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d
14 1255, 1263 (9th Cir. 1993) (citations omitted). Reconsideration of motions may also be granted
15 under Local Rule 230(j). "Whenever any motion has been granted or denied in whole or in part,
16 and a subsequent motion for reconsideration is made upon the same or any alleged different set
17 of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion
18 is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances
19 surrounding each motion for which reconsideration is sought, including [¶] (1) when and to what
20 Judge or Magistrate Judge the prior motion was made; [¶] (2) what ruling, decision, or order was
21 made thereon; [¶] (3) what new or different facts or circumstances are claimed to exist which did
22 not exist or were not shown upon such prior motion, or what other grounds exist for the motion;
23 and [¶] (4) why the facts or circumstances were not shown at the time of the prior motion."
24 Local Rule 230(j).
25     Defendant's motion to reduce is based in large part upon his contention that the Court
26 reduce his sentence based on consideration of his inmate educational transcript. The Defendant is
27 mistaken in that regard; as noted, the Court may only reduce the Defendant's already-imposed
28

sentence if authorized by the Sentencing Commission. The Commission has not authorized the Court to reduce a sentence based on a Defendant's successful completion of inmate education.[1] As a result, the Defendant's briefing has not present any newly discovered evidence, or alleged clear error or any intervening change in the law; he has failed to meet the standard for reconsideration.

Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   September 1, 2015                    _____
                                              SENIOR DISTRICT JUDGE

---

[1] The Defendant's inmate educational history and disciplinary history could be relevant in determining whether the Defendant is suitable for parole. Continuing his education and staying free of disciplinary action are considerations that would weigh in his favor in that proceeding, if it arises. However, that determination is not made by this Court.

3