UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAUL AMEZCUA,<br><br>Defendant. | No. 1:93-cr-05046-DAD-1<br><br><br><br>ORDER DENYING MOTION FOR COPIES<br><br>(Doc. No. 494) |

Defendant in this closed criminal case has filed a second motion for copies in this matter, this one submitted on November 29, 2017. (Doc. No. 494.) Defendant filed a prior motion seeking copies of his arrest warrant and the criminal complaint in this action on September 13, 2017, which was denied by an October 25, 2017 order. (Doc. Nos. 492, 493.) Defendant now seeks copies of all motions he has previously filed under 28 U.S.C. § 2255 and all court decisions related to those motions. (Doc. No. 494.)

The court's docket reflects that defendant filed a § 2255 motion on May 21, 1998 (Doc. No. 361), which was denied by order on September 21, 1998 (Doc. No. 380). Defendant filed his next § 2255 on May 21, 2012 (Doc. No. 461) and it was denied on August 27, 2012 (Doc. No. 464). Defendant filed yet another such motion on June 18, 2014 (Doc. No. 466), which was denied on July 11, 2014 (Doc. No. 467). Defendant also filed a separate proceeding under 28 U.S.C. § 2241 on July 17, 2017, which was construed by the court as a successive petition under

1

28 U.S.C § 2255 and dismissed on November 17, 2017. *See Raul Amezcua v. United States*, No. 1:17c-v-00963-DAD-SAB, Doc. Nos. 1, 9. Thus, it is clear that defendant here has filed at least four separate § 2255 motions in this court.

As explained in the court's prior order denying copies, defendant has not established that he has filed an appeal from or collateral challenge to his conviction which is not frivolous and that the requested copies are necessary for a decision to be rendered on any such appeal or collateral challenge. *See* 28 U.S.C. § 753(f); *see also United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *United States v. Lucatero*, No. 05–cr–0443–WBS, 2007 WL 1747077, at *2 (E.D. Cal. June 18, 2007) ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or copying such transcripts *or other documents* paid by the United States.") (emphasis added); 28 U.S.C. § 2250. Moreover, defendant is not generally entitled to free copies of court documents in a closed case. *See United States v. Chandler*, 220 F. Supp. 2d 165, 170 (E.D.N.Y. 2002); *see also Marsh v. Vegianelli,* No. 1:09-cv-01243-GSA-PC, 2012 WL 5505079, at *2 (E.D. Cal. Nov. 13, 2012) ("[T]he Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. *See* 28 U.S .C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees.")

Defendant here has filed multiple motions under § 2255, all of which have been denied or dismissed. In his most recent request, defendant has made no showing that he has received permission from the Ninth Circuit Court of Appeals which would entitle him to file yet another § 2255 motion. Nor do the Ninth Circuit's rules require defendant to submit copies of his prior § 2255 motions with his request. *See* Ninth Circuit Rule 22-3(b) (requiring the application to include copies of relevant "state court orders and decisions" only "[i]f reasonably available to the applicant"). Accordingly, defendant's request for copies of court records (Doc. No. 494) is denied without prejudice. Defendant may seek these copies upon receiving permission from the

Ninth Circuit to file what would apparently be his fifth § 2255 motion.  Future requests for copies in this matter that are not supported by a showing that defendant has filed a non-frivolous collateral challenge will be summarily denied.

IT IS SO ORDERED.

Dated: **January 18, 2018**

_____
UNITED STATES DISTRICT JUDGE